UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEVERLY S. GLADSTONE,<br><br>        Plaintiff,<br><br>    v.<br><br>HEALTH CAREER ACADEMY, and THE WORK PLACE, INC.,<br><br>        Defendants. | 3:15-cv-00517 (CSH) |

ORDER

**HAIGHT, Senior District Judge:**

Plaintiff, Beverly S. Gladstone, brings this action against her former employer,[1] Defendants, The Health Career Academy and The Work Place, Inc., alleging violations of federal and state workplace age discrimination statutes and of the Connecticut common law. The instant Order resolves the pending issues that have arisen at the outset of this litigation.

**I.    BACKGROUND**

Plaintiff filed a three-count complaint on April 8, 2015, claiming violations of the federal Age Discrimination in Employment Act ("ADEA"), the Connecticut Fair Employment Practices Act, and for intentional infliction of emotional distress under Connecticut common law. Doc. 1. On

---

[1] As of the date of the initial complaint (April 8, 2015) and the proposed amended complaint (September 14, 2015), Plaintiff alleged that she was "still employed by the Defendants." Compl. [Doc. 1], ¶ 12; Am. Compl. [Doc. 16 Ex. A], ¶ 12. However, in subsequent briefing on the motion for default judgment she claims that she was terminated on September 25, 2015. Doc. 22, at 1.

1

August 25, following Defendants' failure to respond to the complaint by the August 21 deadline, Plaintiff filed a Motion for Default Entry pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  The Clerk of Court properly granted that motion on August 26, and default thereby entered.  Doc. 11.  That same day, Plaintiff filed a Motion for Default Judgment.  Doc. 26.  Defendants thereafter made their initial appearance in the case on August 28, [Doc. 14], and answered the complaint on September 1, [Doc. 15].  On September 14, prior to the date by which Defendants' objection to the default judgment motion was due, Plaintiff filed a Motion Seeking Permission to File a First Amended Complaint, aiming to add a fourth count for improper retaliation under the ADEA.  Doc. 16.  The parties thereafter submitted extensive briefing on Plaintiff's Motion for Default Judgment.  Docs. 17-22.  However, Defendants filed no objection to Plaintiff's motion to amend the complaint, nor have any other submissions made any substantive reference to that motion.  This Order resolves all pending issues in the case with respect to Plaintiff's motion to amend the complaint, the entry of default, and the motion for default judgment.[2]

## II.     MOTION TO AMEND THE COMPLAINT

Pursuant to Rule 15(a)(2), a party "may amend its pleading only with the opposing party's written consent, or the court's leave . . . [which] [t]he court should freely give [] when justice so requires."[3]  Defendants did not provide written consent as to the amendment, and therefore Plaintiff

---

[2] On January 6, 2016, the parties filed a join motion requesting this matter be referred to a Magistrate Judge for purposes of conducting a settlement conference.  Doc. 23.  The Court has yet to rule on that motion.

[3] Generally, a party may amend its pleading as a matter of right if it does so within 21 days after serving it.  Fed. R. Civ. P. 15(a)(1).  Here, Plaintiff sought to file an amended complaint well after 21 days after service of the initial complaint and thus Rule 15(a)(1) is inapplicable.

requires the Court's leave to amend her complaint.

Plaintiff seeks to amend her complaint to add a fourth count for improper retaliation under the ADEA.  According to Plaintiff, she was not issued a "Notice of Right to Sue" from the Equal Employment Opportunity Commission—a prerequisite to bringing her ADEA retaliation claim—until August 31, 2015, and thereby she could not have included that claim in her initial complaint, filed nearly four months earlier.  In light of this, and that Defendants do not object to the filing of the amended complaint, the Court finds that "justice so requires" that Plaintiff be permitted to file an amended complaint.  Plaintiff's Motion Seeking Permission to File a First Amended Complaint is granted. The Clerk of Court is directed to separately docket Plaintiff's Amended Complaint.  As discussed below, the Amended Complaint is deemed filed and operative as of the date of this Order.

### III.   DEFAULT JUDGMENT

A default judgment is secured against a non-responsive defendant in two steps.  First, the moving party must show that the non-moving party "has failed to plead or otherwise defend" within the time allotted by the Federal Rules.  Upon such a showing, the Clerk of Court "must enter the party's default." Fed. R. Civ. P. 55(a).  Second, only after the entry of default, and with an exception not relevant here, the moving party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  However, a court may elect not to enter default judgment, and can set aside an entry of default, against a non-responsive party for "good cause." Fed. R. Civ. P. 55(c).  In other words, the "decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).  When applying this discretion, the Court should consider: "(1) the willfulness of default, (2) the existence of any meritorious defenses,

and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

Unsurprisingly, the parties' submissions on Plaintiff's default judgment motion focus on their views as to the three factors identified by the Second Circuit in *Guggenheim Capital*. None of their submissions, however, address Plaintiff's motion to file an amended complaint, and, specifically, its impact on Plaintiff's attempt to recover a default judgment as to the causes of action in Plaintiff's *initial* complaint. This is surprising because "once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied," *Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019, at *8 (E.D.N.Y. Mar. 5, 2014) (collecting ten cases), and, generally, "once the original complaint is superseded, a clerk's entry of default on that pleading is mooted," *id.* (collecting six cases). This principle controls here because an amended complaint attached to a motion to amend becomes the operative complaint at the time when the motion to amend is granted. *See, e.g.*, *Farina v. B&B Prop.*, 2000 WL 436565, at *1 (D. Conn. Mar. 10, 2000) ("[t]he amended complaint which was the subject of the Court's September 25, 1998 order granting the defendant's motion to amend is deemed filed and deemed the operative complaint as of that date"); *Briscoe v. City of New Haven*, 2012 WL 5471850, at *5 (D. Conn. Nov. 9, 2012) ("Plaintiff's Motion to Amend . . . is GRANTED. The operative complaint in this action is now the Third Amended Complaint. . . . The date of its filing and service is deemed to be the date of this Ruling's entry.").

In line with the above principles, the Court's granting of Plaintiff's motion to amend her complaint renders moot both her motion for default judgment as well as the Clerk of Court's earlier

...

entry of default, both aimed at causes of action in Plaintiff's now-nullified initial complaint.[4]  In other words, there can be no import to Defendants' defaulting as to the *initial* complaint because the amended complaint "supersedes the original and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Plaintiff's motion for a default judgment is denied.

### III.  CONCLUSION

The Court GRANTS Plaintiff's Motion Seeking Permission to File a First Amended Complaint, [Doc. 16].  The Amended Complaint attached to Plaintiff's motion is deemed filed and deemed the operative complaint as of the date of this Order.  Defendant is directed to respond to the Amended Complaint within the time specified in Rule 12 of the Federal Rules of Civil Procedure.  The Clerk is directed to separately docket the Amended Complaint.

The Court DENIES AS MOOT Plaintiff's Motion for Entry of Default Judgment, [Doc. 12].  The Court RENDERS MOOT the Clerk of Court's entry of default, [Doc. 11].

It is SO ORDERED.

Dated: New Haven, Connecticut
       January 7, 2016

                                        */s/ Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        SENIOR UNITED STATES DISTRICT JUDGE

---

[4]  The Court notes, without deciding, that Defendants have nevertheless argued persuasively that "good cause" likely exists to set aside the Clerk's entry of default (and deny Plaintiff's motion for a default judgment) pursuant to Fed. R. Civ. P. 55(c). The Court is cognizant of the fact that "default is viewed as an 'extreme sanction,' which should be treated as 'a weapon of last, rather than first, resort.'"  *O'Neill v. Country Motors, II, Inc.*, 2015 WL 8779594, at *2 (D. Conn. Dec. 15, 2015) (quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). Defaults thereby "'are generally disfavored and are reserved for rare occasions.'" *Id.* (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  Accordingly, were the Amended Complaint not to moot the issue of default in this action, the court likely would have resolved any doubt "in favor of a trial on the merits," *Meehan*, 652 F.2d at 277, and avoided default regardless.